

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 CR 957 |
| v. | ) | |
| | ) | Judge James F. Holderman |
| | ) | |
| Mahmoud Abufarha | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION ON AMOUNT OF LOSS
PROVEN BY THE GOVERNMENT AT THE
SENTENCING HEARING OF MAHMOUND ABUFARHA

JAMES F. HOLDERMAN, District Judge:

Defendant Mahmoud Abufarha admitted that the amount of loss resulting from his crimes and relevant criminal conduct was $16,875. The government claimed more. Because Abufarha disputed the government's claimed additional amount, the government had the burden of proving the loss amount above $16,875 by a preponderance of the evidence at the sentencing hearing of defendant Abufarha.

In its failed attempt to meet its burden, the government called no witnesses. The government referred the court to certain of the testimony of Abufarha's co-defendant and former employee Mohamed Haj Rhoul, who is a Moroccan citizen, who spoke only a little English, was working here illegally, and whose immediate family including his children were all in Morocco to which Rhoul at the time of his testimony very much wanted to return as soon as possible.

The government arrested Rhoul when the government raided defendant Abufarha's store on October 2, 2002. The government held Rhoul in detention for three months and 21 days until his status as a non-immigrant visitor to the United States was examined and he provided the government information against Abufarha. This court observed Rhoul testify at defendant Abufarha's trial. When Rhoul testified at the trial, it was clear his motivation for helping the government by testifying against Abufarha was to help himself return to his homeland as soon as possible and not be incarcerated here in the United States further. Rhoul's key testimony as to the loss amount was elicited by the government prosecutor providing the words and Rhoul agreeing with the prosecutor. The jury never had the opportunity to make a finding evaluating Rhoul's credibility. This court, however, has been able to do so. Rhoul was not credible on this issue of the amount of loss because he appeared to agree with what the government wanted in order to help himself return to Morocco as soon as he could, which he did after he was sentenced.

In sentencing defendant Abufarha on March 10, 2005, the court considered, among other factors, that Abufarha was willing to accept his responsibility for his criminal conduct. The government, however, overcharged Abufarha by alleging crimes the government could not prove. On the first day of the trial, Abufarha pleaded guilty without a plea agreement to Counts 5, 6, 7, 8, and 9 of the superceding indictment. The government then insisted on proceeding with the trial as to the remaining counts and allegations of the superceding indictment. So, the trial proceeded. The following day Abufarha pleaded guilty to Counts 1, 2, 3, 4, 17, 18, 19, and 20 of the superseding indictment. The government still insisted on proceeding with the trial on the remaining counts, Counts 10, 11, 12, 13, 14, 15 16, and 21 as well as Forfeiture Allegations 1 and 2. So, the trial proceeded further.

2

When the government rested its case in chief, it had failed to prove Counts 10, 11, 12, and 21. The government then orally moved to dismiss Counts 13, 14, 15, and 16 as well as Forfeiture Allegations 1 and 2 of the superceding indictment against Abufarha. A judgment of acquittal was entered as to those counts. With no other counts or other allegations remaining to be resolved by trial, the trial ended and the jury was dismissed.

The government by, relying at Abufarha's sentencing hearing on certain parts of Rhoul's trial testimony and relying also at the sentencing hearing on certain documents without further explanatory testimony, failed to meet its burden of a preponderance of the evidence in proving a loss amount greater than $16,875. The government could have called other witnesses to the transactions that the government suspected were fraudulent, but did not. The government could have called the case agents to testify and explain the documents or even provide hearsay information as to what the various participants in the transactions told the agents about the transactions that the government thought were fraudulent. The government did not do this either. Because the government failed to prove an amount of loss greater than $16,875 by a preponderance of the evidence, the court used as the loss amount the $16,875 to which the defendant admitted in sentencing defendant Abufarha.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: 3-14-05